CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

JUL 03 2018

JULIA C. DUDLEY, CLERK
BY: HMcOgree
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JESSE MAX ROMAN, | ) | Civil Action No. 7:17-cv-00416 |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| CHRISTOPHER ZYCH, | ) | By:   Hon. Jackson L. Kiser |
|     Defendant. | ) |        Senior United States District Judge |

Jesse Max Roman, a federal prisoner proceeding pro se, commenced this action pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 389 (1971). Plaintiff names Christopher Zych, a former Warden of the United States Penitentiary in Lee County, Virginia ("USP Lee"), as the sole defendant. Plaintiff alleges that Zych violated due process by upholding a prison disciplinary conviction that was later expunged on appeal. Zych filed a motion for summary judgment, to which Plaintiff responded, making this matter ripe for disposition.[1] After reviewing the record, I grant Zych's motion for summary judgment.

**I.**

On April 19, 2015, Plaintiff was moved into segregation at USP Lee while staff investigated whether Plaintiff had downloaded pornography onto a prison computer. Plaintiff was found guilty and sanctioned with the loss of commissary privileges for thirty days. On appeal, Zych upheld the conviction after purportedly reviewing "records and video evidence." This evidence allegedly showed that Plaintiff had logged into the computer and that at least one other inmate accessed Plaintiff's account while Plaintiff was not in the room.

---

[1] Plaintiff's response to the motion for summary judgment requests various discovery. Even if Plaintiff had shown he had conferred with opposing counsel per Federal Rule of Civil Procedure 37(a)(1), I deny the request as disproportionate to the needs of the case for the reasons summary judgment is granted per Federal Rule of Civil Procedure 26(b)(1). Also, of Plaintiff's two responses, only his statements based on personal knowledge in the second response constitute an admissible declaration per 28 U.S.C. § 1746.

Plaintiff's next appeal was successful, and the charge was remanded for a reinvestigation. Plaintiff was again convicted of the charge, and he was released from segregation and transferred to a federal penitentiary in Kentucky.

Plaintiff successfully appealed the new conviction, and it was vacated and expunged. Plaintiff argues that the charge must have been false since it was ultimately expunged, and thus, he concludes that Zych violated due process by affirming the conviction.

## II.

Zych filed a motion for summary judgment, arguing that he is entitled to qualified immunity. Qualified immunity permits "government officials performing discretionary functions . . . [to be] shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Once a defendant raises the qualified immunity defense, a plaintiff bears the burden to show that a defendant's conduct violated the plaintiff's right. Bryant v. Muth, 994 F.2d 1082, 1086 (4th Cir. 1993).

A party is entitled to summary judgment if the pleadings, the disclosed materials on file, and any affidavits show that there is no genuine dispute as to any material fact. Fed. R. Civ. P. 56(a). Material facts are those necessary to establish the elements of a party's cause of action. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A genuine dispute of material fact exists if, in viewing admissible evidence and all reasonable inferences drawn therefrom in a light most favorable to the non-moving party, a reasonable fact-finder could return a verdict for the non-movant. Id. The moving party has the burden of showing–"that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). If the movant satisfies this burden, then the

non-movant must set forth specific facts that demonstrate the existence of a genuine dispute of fact for trial. Id. at 322-24. A party is entitled to summary judgment if the admissible evidence as a whole could not lead a rational trier of fact to find in favor of the non-movant. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). "Mere unsupported speculation . . . is not enough to defeat a summary judgment motion." Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc., 53 F.3d 55, 62 (4th Cir. 1995). A plaintiff cannot use a response to a motion for summary judgment to amend or correct a complaint challenged by the motion for summary judgment. Cloaninger v. McDevitt, 555 F.3d 324, 336 (4th Cir. 2009).

### III.

Plaintiff's dissatisfaction with the adjudication of the institutional charge and the time spent in segregation implicates the Due Process Clause of the Fifth Amendment. Nevertheless, I find that Zych is entitled to qualified immunity and summary judgment.

To state a due process claim, an inmate must show that he was deprived of "life, liberty, or property" by governmental action. Beverati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997). When a disciplinary penalty does not cause an inmate's original sentence to be enhanced, protected interests are generally limited to freedom from restraint that imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. See Sandin v. Conner, 515 U.S. 472, 484 (1995) (holding that disciplinary segregation did not present the type of atypical, significant deprivation in which a state might create a liberty interest). Unless the inmate proves a deprivation of a protected interest, he has no federal right to particular protections. See Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 454 (1985) (noting substantive requirement for prison discipline proceedings implicating the Due Process Clause); Wolff v. McDonnell, 418 U.S. 539, 556 (1974) (noting the same about procedural requirements).

3

Plaintiff's stay in segregation for approximately three months, the temporary loss of commissary privileges, or the transfer to Kentucky implicates an interest protected by the Due Process Clause. Plaintiff fails to establish that the consequences of the charge imposed an atypical and significant hardship on him in comparison to the ordinary incidents of prison life.[2] See, e.g., Sandin, 515 U.S. at 484; see also Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986) (holding that a claim of a false disciplinary charge cannot serve as the basis for a constitutional claim). "[A]dministrative segregation is the sort of confinement that inmates should reasonably anticipate receiving at some point in their incarceration." Hewitt v. Helms, 459 U.S. 460, 468 (1983). Changes "in a prisoner's location, variations of daily routine, changes in conditions of confinement (including administrative segregation), and the denial of privileges [are] matters which every prisoner can anticipate [and which] are contemplated by his original sentence to prison." Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991); see Meachum v. Fano, 427 U.S. 215 (1976) (noting an inmate does not have a constitutional right to be housed in any particular prison). Plaintiff's dissatisfaction with Zych's administrative review for a conviction that was subsequently vacated does present an actionable claim. See, e.g., Geiger v. Jowers, 404 F.3d 371, 374 (5th Cir. 2005) (finding inmates have no federally protected liberty interest in having grievances resolved to their satisfaction). Accordingly, Zych is entitled to qualified immunity and summary judgment.

### IV.

For the foregoing reasons, I grant Zych's motion for summary judgment. Plaintiff's motion to seal docket entries in this case, because he is "a federal inmate" who generally fears

---

[2] If an Eighth Amendment conditions claim was to be liberally construed from the complaint, it must fail because Plaintiff fails to demonstrate a serious deprivation of a basic human need or Zych's deliberate indifference to that condition. See, e.g., Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993).

reprisals while housed in California for suing a former warden of USP Lee, is denied as unsupported and unwarranted. See, e.g., Press-Enterprise Co. v. Superior Court, 464 U.S. 501, 510 (1984); Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597, 602 (1978).

ENTER: This 3rd day of July, 2018.

*[signature]*
Senior United States District Judge